UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher W. Martin, | ) | C/A No. 2:26-cv-2227-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Santander Bank US, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against Santander Bank US ("Defendant" or "Santander"). Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. This matter is before the Court for review of the Complaint and Plaintiff's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. ECF Nos. 1; 4. For the reasons below, Plaintiff's Motion should be denied and this action should be summarily dismissed.

## BACKGROUND

**Factual Allegations from the Complaint**

Plaintiff commenced this action by filing a Complaint and Motion for Temporary Restraining Order and Preliminary Injunction. ECF Nos. 1 (Complaint); 4 (Motion for Temporary Restraining Order and Preliminary Injunction). Attached to the Complaint is a document containing additional allegations, which repeat many of the allegations from the Complaint, and a Declaration with supporting exhibits. ECF Nos. 1-1; 1-2.

In the Complaint, Plaintiff lists an address in Summerville, South Carolina, but he appears to be living in Medellin, Columbia. ECF No. at 1, 10. He asserts the basis for federal court jurisdiction is federal question under 28 U.S.C. § 1331. *Id*. at 3. He lists the Americans with Disabilities Act ("ADA"), unfair and abusive practices under the Dodd Frank Act, and "retaliation for protected activity." *Id*. Plaintiff seeks $1,000,000 in damages "due to continue restrictions, denial of service, excessive ATM fees, international transaction fees, emotional distress, physical and financial and emotional distress." *Id*. at 4.

In an attachment to the Complaint, Plaintiff presents the following additional allegations. ECF No. 1-1. Plaintiff contends this Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the following federal law: the Americans with Disabilities Act, 42 U.S.C. § 12101; the Consumer Financial Protection Act, 12 U.S.C. § 5531, and "federal protections governing access to government benefits." *Id*. at 1. Plaintiff asserts, without any factual allegations in support that "Venue is proper in this District." *Id*. Plaintiff alleges that he maintains a bank account with Defendant into which federally protected benefits are deposited. *Id*. Plaintiff contends that on March 1, 2026, April 1, 2026, and May 1, 2026, Defendant restricted Plaintiff's account without prior notice or explanation and Plaintiff was required to contact Defendant and request access to his own funds. *Id*. at 1–2. On May 2, 2026, "Defendant further restricted Plaintiff's debit card, preventing access to funds despite prior complaints." *Id*. at 2. Plaintiff relies on these funds for essential living expenses. *Id*. Plaintiff informed Defendant of his disability and need for consistent access to funds. *Id*. However, Defendant failed to provide reasonable accommodation and failed to ensure equal access to banking services. *Id*. Plaintiff complained to Defendant regarding the repeated restrictions, but Defendant has continued and escalated its restrictive actions. *Id*. Plaintiff contends that, as a result of Defendant's conduct, he has suffered

financial hardship, including inability to access funds, emotional distress, and physical hardship related to his disability.  *Id*.

Based on these allegations, Plaintiff asserts causes of action for violations of the ADA; unfair, deceptive, or abusive acts or practices in violation of 12 U.S.C. § 5531; and retaliation and reprisal.  *Id*. at 2–3.  For relief, Plaintiff seeks compensatory damages, reimbursement of all fees from 2017 to 2026, punitive damages in the amount of $1 million, injunctive relief "prohibiting Defendant from further restricting Plaintiff's account without lawful justification," an award for the costs of this action, and any other just and proper relief.  *Id*. at 4.

In his Declaration, Plaintiff presents the following averments.  ECF No. 1-2.  Plaintiff has a bank account with Santander Bank, which was "repeatedly restricted" on March 1, April 1, and May 1, 2026.  *Id*. at 1.  Each time, Plaintiff was required to call the bank to regain access.  *Id*.  These actions caused severe financial and emotional hardship.  *Id*.  Plaintiff relies on federally protected deposits and is a disabled veteran.  *Id*.  Attached to the Declaration is a letter from the Department of Veterans Affairs dated January 7, 2025, verifying that Plaintiff "receives $1,395.93 per month for a service-connected disability."  *Id*. at 4.  The address listed on that letter is Plaintiff's residence in Medellin, Colombia.  *Id*.

**Motion for Injunctive Relief**

Plaintiff has also filed a Motion for Temporary Restraining Order and Preliminary Injunction.  ECF No. 2.  In that Motion, Plaintiff requests expedited consideration of the claims. *Id*. at 1.  Plaintiff repeats the allegations noted above.  *Id*. at 2.  Plaintiff requests the following injunctive relief: (1) a temporary restraining order prohibiting Defendant from restricting Plaintiff's account; (2) an order requiring Defendant to restore full access to Plaintiff's funds; (3) a preliminary injunction maintaining such relief; and (4) any other just and proper relief.  *Id*. at 3.

**Plaintiff's Other Cases**

The Court notes that the present action is one of three actions filed in this Court against the same Defendant making nearly identical allegations over the span of a few months. *See Martin v. Santander Bank*, No. 2:26-cv-00537-RMG-WSB; *Martin v. Santander Bank*, No. 2:26-cv-00911; *Martin v. Santander Bank*, No. 2:26-cv-02227-RMG-WSB.[1]     The Court also notes that in September 2025, Plaintiff filed a civil action against Santander Bank in the United States District Court for the District of Connecticut, making substantially the same allegations to those made in the cases cited above. *See Martin v. Santander Bank*, No. 3:25-cv-01451-SFR (D. Conn.).

<u>**STANDARD OF REVIEW**</u>

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   Further, this Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are

---

[1] The Court takes judicial notice of Plaintiff's other cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

Because Plaintiff is a *pro se* litigant, the pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The

5

requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove the claims presented in this case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## <u>REVIEW OF THE COMPLAINT</u>

This action is subject to dismissal for the same reason explained in one of Plaintiff's other cases, case number 26-cv-911. In that case, the Court concluded that it does not have personal jurisdiction over Defendant and that venue is not proper in this District. Dismissal of the present action is required on this same basis as the present Complaint fails to present facts to establish personal jurisdiction over Defendant or that venue is proper in this District.

**Personal Jurisdiction**

The pleadings lack sufficient allegations to demonstrate that the Court has personal jurisdiction over Defendant.[2]  For this reason, the action should be dismissed.[3]

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law.  Fed. R. Civ. P. 4(k)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).  "For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied."  *Bradley v. General Couns.*, C/A No. 3:07-cv-112, 2008 WL 713921, at *5 (N.D. W. Va. Mar. 14, 2008), *aff'd*, 280 F. App'x 251 (4th Cir. 2008).  "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements."  *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).

"South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause."  *ESAB Grp.*, 126 F.3d at 623.  Therefore, the appropriate question for a court considering a personal jurisdiction defect for an out-of-state defendant is whether that defendant has "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Id.* (quoting *Int'l Shoe Co. v.*

---

[2] "Although personal jurisdiction is an affirmative defense that may be raised or waived by the defendant, Fed. R. Civ. P. 12(b)(2), (h)(1), multiple appellate courts have relied on [*Neitzke v. Williams*, 490 U.S. 319, 327 (1989)] to find district courts may raise affirmative defenses *sua sponte* under limited circumstances when reviewing cases filed *in forma pauperis* pursuant to 28 U.S.C. § 1915."  *Simmons v. Trent*, C/A No. 3:24-cv-105-SAL-SVH, 2024 WL 185617, at *2 (D.S.C. Jan. 17, 2024).

[3] The Court notes that the Complaint would also be subject to dismissal for other reasons, including for failing to state a claim for relief that is plausible.  However, the Court need not conduct an analysis as to the merits of any claims given the Court's finding that it lacks jurisdiction.

*Washington*, 326 U.S. 310, 316 (1945) (stating that the exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum state, such that requiring the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice")); *see Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 834 (D.S.C. 2015) ("Because the South Carolina long-arm statute is coextensive with the Due Process Clause, the sole question on a motion to dismiss for lack of personal jurisdiction is whether the exercise of personal jurisdiction would violate due process.") (citing *Tuttle Dozer Works, Inc. v. Gyro–Trac (USA), Inc.*, 463 F. Supp. 2d 544, 547 (D.S.C. 2006) and *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 611 S.E.2d 505, 508 (2005)).

Personal jurisdiction may arise generally or specifically based on the conduct alleged in the suit. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n. 15 (4th Cir. 2009); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). Under general jurisdiction, a defendant's contacts or activities in the forum state are not the basis for the suit, but the defendant may be sued in this Court "for any reason, regardless of where the relevant conduct occurred," because the defendant's activities in South Carolina are "continuous and systematic." *CFA Inst.*, 551 F.3d at 292 n.15. These activities must be "so substantial and of such a nature as to justify suit against [a defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.*, 326 U.S. at 318. Here, Plaintiff does not allege general jurisdiction over Defendants pursuant to S.C. Code Ann. § 36-2-802, nor does he allege facts to demonstrate that the Court has general jurisdiction over Defendant.

Under specific jurisdiction, a defendant may be sued in this Court if the litigation results from alleged injuries that arose out of or is related to the defendant's contacts with South Carolina, and those contacts were sufficient. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*,

466 U.S. 408, 414 (1984).  To determine whether specific jurisdiction exists, courts employ a "minimum contacts" analysis that examines "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'"  *ALS Scan, Inc.*, 293 F.3d at 712.  Here, Plaintiff does not allege specific jurisdiction over the Defendant pursuant to Rule 4(k)(1) and S.C. Code Ann. § 36-2-803(1), nor does he allege facts to demonstrate that the Court has specific jurisdiction over these Defendant.  The allegations in the pleadings simply do not show that Defendant's conduct giving rise to Plaintiff's alleged claims occurred in South Carolina.  The pleadings contain no allegations showing that Defendant purposefully availed itself of the privilege of conducting certain activities in South Carolina.  Accordingly, it appears that the Court lacks personal jurisdiction over Defendant.

There is no indication in the pleadings that Defendant conducts any business whatsoever in the state of South Carolina.  A review of Santander's website indicates that there are no branch or ATM locations in the state of South Carolina.  *See* https://locations.santanderbank.com/.  Other courts have noted that Santander is a national banking association and has its principal place of business in Boston, Massachusetts, but is "deemed to be a citizen only of Delaware, since that is the State designated in its articles of association as its main office, and therefore where it is 'located' under 28 U.S.C. § 1348."[4]  *Roberts v. Santander Bank, N.A.*, 141 F. Supp. 3d 164, 165

---

[4] The Court notes that consideration of Santander's citizenship by other courts in the context of diversity jurisdiction analysis is not determinative of whether Santander conducts any business in South Carolina, but merely points out that Santander is a citizen of a different state than South Carolina, and Plaintiff has not alleged any contacts with this District.

(D. Mass. 2015); *see also Ferrante v. Santander Bank, N.A.*, 680 F. Supp. 3d 52, 56 (D. Mass. 2023) ("Defendant Santander is a national association organized under Delaware law and has a 'home' office in Delaware.  Santander maintains its principal place of business and headquarters in Boston, Massachusetts.").

Notably, Plaintiff has previously clarified to the Court in a companion case that he has never resided in South Carolina.  *See Martin v. Santander*, No. 2:26-cv-0911-RMG-WSB, ECF No. 38 at 1.  In light of that concession and in the absence of allegations in the present case that any events occurred in South Carolina or that Defendant has any presence in or contacts with South Carolina, there is simply no basis for the Court to find that it has personal jurisdiction over Defendant.

"Because it is apparent from the face of the complaint that personal jurisdiction is lacking and there is no reason to believe that any defendant would waive this basis for dismissal, the court finds it appropriate to dismiss the case without prejudice."  *Alvarado v. Cnty. of Tulare*, C/A No. 3-17-cv-00040, 2017 WL 3129821, at *2 (W.D. Va. July 21, 2017); *see also Trujillo v. Williams*, 465 F.3d 1210, 1216–17 (10th Cir. 2006) (holding that a district court may *sua sponte* dismiss an action under 28 U.S.C. § 1915 for lack of personal jurisdiction "when the defense is obvious from the face of the complaint and no further factual record is required to be developed") (citation and internal quotation marks omitted); *Marin v. La Paloma Healthcare Ctr.*, 636 F. App'x 586, 588 (3d Cir. 2016) (holding that the case was properly dismissed for lack of personal jurisdiction under § 1915 where "the lack of a connection between the Defendants and Pennsylvania [was] apparent from the face of the complaint").

**Venue**

Even if the Court were to conclude that it had personal jurisdiction over Defendant, venue appears to be improper in this District.

Under the venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Hackos v. Sparks*, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005).

"When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to 'dismiss, or if it be in the interest of justice, transfer such case' to the proper venue." *Levi v. Harris Teeter, LLC*, C/A No. 4:16-cv-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25, 2016), *R&R adopted by* 2016 WL 4911047 (D.S.C. Sept. 15, 2016). The choice to dismiss or transfer a case afforded by 28 U.S.C. § 1406 lies within the sound discretion of the district court. *See Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005). Because federal district courts are vested with the inherent power to control and protect the administration of court proceedings, *see White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986), the district court has the power to consider *sua sponte* whether venue is proper, *see Harmon v. Sussex Cnty.*, C/A No. 4:17-cv-2931-

RBH-TER, 2017 WL 6506396, at *1 (D.S.C. Nov. 13, 2017), *R&R adopted by* 2017 WL 6498165 (D.S.C. Dec. 19, 2017).

Here, Plaintiff has not alleged facts showing that any of the events described in the Complaint occurred in South Carolina. And, Defendant does not appear to be a resident of South Carolina, nor has Plaintiff alleged facts showing the Court has personal jurisdiction over Defendant. Also, Plaintiff does not reside in, nor has he ever resided in South Carolina. As such, venue does not appear to properly lie in this judicial district. The Court is also unable to determine the proper venue from the face of the pleadings and is therefore unable to transfer this action to an appropriate venue. "Plaintiff bears the burden to establish that venue is proper as to each claim and as to each defendant." *EmeryAllen, LLC v. MaxLite Inc.*, C/A No. 2:20-cv-4332-RMG, 2021 WL 2111159, at *4 (D.S.C. May 25, 2021). Plaintiff has not alleged facts to establish that venue is proper in this District and has also not alleged sufficient to establish what judicial district would be the appropriate venue as to the claims asserted and named Defendant.

**Conclusion**

The Court provided Plaintiff an opportunity to file an Amended Complaint, and Plaintiff did so. In the Court's Order Regarding Amendment, the Court identified the pleading deficiencies of the original Complaint as to the issues of personal jurisdiction and venue. ECF No. 34. However, Plaintiff has not alleged any new facts to cure the deficiencies identified by the Court. Plaintiff has not met his burden of establishing that this Court has jurisdiction over this matter or that venue is proper in this District. For these reasons, the action is subject to dismissal.

## MOTION FOR INJUNCTIVE RELIEF

As noted, Plaintiff has filed a Motion seeking injunctive relief.  ECF No. 4.  In light of the Court's conclusion that this action is subject to dismissal for the reasons above, the Court also finds that Plaintiff is not entitled to preliminary injunctive relief.

**Requirements for a Preliminary Injunction**

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (citation and internal quotation marks omitted).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *United States v. South Carolina*, 720 F.3d 518, 524 (4th Cir. 2013) (citation and internal quotation marks omitted). Because granting a motion for preliminary injunctive relief "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way, the danger of a mistake in this setting is substantial."  *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (cleaned up) (citation and internal quotation marks omitted).  Accordingly, the decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court.  *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

The current standard for granting preliminary injunctive relief is set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).  Under *Winter*, to obtain a preliminary injunction, the moving party must demonstrate:

1) he is likely to succeed on the merits,

2) he will suffer irreparable harm if the preliminary injunction is not granted,

3) the balance of equities favors him, and

4) the injunction is in the public interest.

555 U.S. at 20; *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Moreover, *Winter* requires that each preliminary injunction factor "be 'satisfied as articulated.'" *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013) (quoting *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010), *aff'd, The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010)). To succeed, Plaintiff must satisfy all four of these requirements. *Pashby*, 709 F.3d at 320–21. Therefore, the movant bears a heavy burden in seeking a preliminary injunction. *Id.* at 321.

**Discussion**

Plaintiff is not entitled to a preliminary injunction or TRO because he has not shown that he can satisfy the test articulated in *Winter*. Plaintiff cannot show he is likely to succeed on the merits, as he has offered nothing beyond conjecture to substantiate allegations that Defendant is blocking access to his disability benefits or that he is entitled to the nature of the relief sought in the Motion. Plaintiff merely restates certain allegations in the Complaint and demands some of the relief sought. Such a request for final relief is not appropriate for a preliminary injunction, which is designed to preserve the status quo and prevent irreparable harm pending resolution on the merits. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) ("[A] preliminary injunction preserves the status quo pending a final trial on the merits."); *Allston v. Lewis*, 480 F. Supp. 328, 333 (D.S.C. 1979) (explaining that granting the plaintiff the final relief sought and not merely to preserve the status "is beyond the scope and purpose of a preliminary injunction"), *aff'd*, 688 F.2d 829 (4th Cir. 1982).

Plaintiff has not demonstrated, by evidence or argument, that he is likely to succeed on the merits of his claims. Indeed, the Court finds, for the reasons explained above, that this action is not properly filed in this District Court. Based on the allegations in the Complaint, the Court lacks personal jurisdiction over Defendant and venue is not proper in this judicial district. All of the alleged activities in the Complaint apparently occurred while Plaintiff was living in Colombia, and Plaintiff has not alleged any connection between Defendant and the State of South Carolina. "Additionally, Plaintiff has presented nothing to show that the balance of equities tips in his behavior or that an injunction is in the public interest." *Cabbagestalk v. Cartledge*, C/A No. 3:12-cv-3182-SB, 2013 WL 5409206, at *9 (D.S.C. June 21, 2013), *R&R adopted by* 2013 WL 5409204 (D.S.C. Sept. 25, 2013).

Accordingly, Plaintiff has failed to make a clear showing that he has satisfied the requirements of *Winter*, and the Motion should be denied.

### RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DENY** Plaintif's Motion for injunctive relief (ECF No. 4) and **DISMISS** this action pursuant to 28 U.S.C. § 1915 for lack of personal jurisdiction and improper venue, without prejudice, without leave to amend,[5]

---

[5] The dismissal should be without leave to amend, rendering the dismissal final and appealable. As noted, this is the third action Plaintiff has filed against the same Defendant alleging identical claims. All of Plaintiff's actions suffer from the same jurisdictional defects. In case number 26-911, the Court afforded Plaintiff an opportunity to file an Amended Complaint, but he failed to present allegations showing this Court has personal jurisdiction. Any further attempt to cure the deficiencies in the Complaint filed in this case would be futile for the reasons stated herein. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable."); *see also Bing v. Brivo Sys. LLC*, 959 F.3d 605 (4th Cir. 2020). The Court recognizes that, under Federal Rule of Civil Procedure 15(a), a plaintiff generally has a right to amend his complaint once as a matter of course before a responsive pleading has been filed. *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010). However, it has been recognized in this District that

and without issuance and service of process.

      **IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

June 9, 2026
Greenville, South Carolina

        ***Plaintiff's attention is directed to the important notice on the next page.***

---

the pre-screening authority of 28 U.S.C. §§ 1915 and 1915A "allows the court to exercise a great deal of control over the claims of a plaintiff who is proceeding [*in forma pauperis*] and the court may at any time pre-screen and dismiss claims that are frivolous or fail to state a claim" without leave to amend. *Wells v. SCDF Emps.*, C/A No. 2:13-cv-3061-TMC-BHH, 2014 WL 346520, at *1 n.1 (D.S.C. Jan. 28, 2014). This approach has also been adopted by other District Courts within the Fourth Circuit. *See, e.g., Rutledge v. Town of Chatham*, C/A No. 4:10-cv-00035, 2010 WL 4791840, at *6 (W.D. Va. Nov. 18, 2010) (distinguished the holding in *Galustian* because the plaintiff was proceeding *in forma pauperis* and finding he did not have a right to amend as a matter of course under Rule 15) (collecting cases), *aff'd*, 414 F. App'x 568 (4th Cir. 2011); *Bartlett v. Harviel*, C/A No. 1:00-cv-241, 2002 WL 32574862, at *5 (M.D.N.C. Feb. 26, 2002) (finding the "court is permitted to deny a proposed amendment that is futile" by a *pro se* prisoner proceeding *in forma pauperis* despite the amendment provisions of Rule 15(a) because "all federal courts have been admonished by Congress to dismiss a case" that meets one of the criteria under the prescreening provisions of 28 U.S.C. §§ 1915 or 1915A)), *aff'd*, 45 F. App'x 269 (4th Cir. 2002); *Weakley v. Homeland Sec. Sols., Inc*, C/A No. 3:14-cv-785-REP-RCY, 2015 WL 11112158, at *4 (E.D. Va. May 19, 2015) ("[W]here a party is proceeding *in forma pauperis*, the Court may "prescreen" and "block futile claims.") (collecting cases within the Fourth Circuit), *R&R adopted by* 2015 WL 11112159 (E.D. Va. June 16, 2015), *aff'd*, 622 F. App'x 253 (4th Cir. 2015).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

17